```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

Vickie Dianne Byrd,

       Plaintiff,

    -v-                                    16-CV-06299-MAT
                                                **ORDER**

Carolyn W. Colvin
Commissioner of Social Security,

       Defendant.

    Plaintiff has filed a motion requesting the appointment of counsel to represent her in the appeal of an adverse ruling by the Commissioner of Social Security. Although Social Security claimants are entitled to be represented by counsel at the hearing, "the law does not require the assignment of counsel to represent them in administration proceedings." *Crysler v. Astrue*, 563 F. Supp. 2d 418, 430 (N.D.N.Y. 2008). At this stage, "in determining whether to appoint counsel for an indigent litigant a district court judge should first consider whether the indigent's position seems likely to be of substance, then assess the litigant's competence to proceed pro se, the complexity of the issues, and additionally any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Machadio v. Apfel*, 276 F.3d 103, 107-08 (2d Cir. 2002) (internal quotation marks omitted); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

An individual's eligibility for the appointment of an attorney under 28 U.S.C § 1915(e)(1), which governs *in forma pauperis* proceedings, standing alone, does not entitle him or her to that appointment. *See Rumbin v. Duncan*, 856 F. Supp. 2d 422, 424 (D. Conn. 2012). After careful consideration of plaintiff's motion and pleadings, it does not appear likely, at this stage of the case, that plaintiff's claim concerning her SSI determination, if one exists, is meritorious. *See Hendricks*, 114 F.3d at 392 (the Court must first look to the "likelihood of merit" of the underlying dispute). Moreover, in light of the limited nature of this Court's review of the decision below and the plaintiff's ability to prepare her pleadings pro se, the Court finds no special circumstances or complexity of the issues that would warrant the appointment of counsel. For these reasons, her motion for appointment of counsel is denied without prejudice. Plaintiff is now obligated to retain an attorney or proceed with her lawsuit *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   June 20, 2016
         Rochester, New York