```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

VICKIE DIANNE BYRD,

                         Plaintiff,

    -vs-

CAROLYN W. COLVIN, Acting Commissioner
Of Social Security,

                         Defendant.

**DECISION AND ORDER**
**No. 6:16-cv-06299-MAT**

_____

## BACKGROUND

Proceeding pro se, Vickie Dianne Byrd ("Plaintiff") instituted this action alleging that she was denied a right to a hearing on her claim, under Title XVI of the Social Security Act ("the Act"), for Supplemental Security Income ("SSI") benefits. Presently before the Court is the Motion to Dismiss the Complaint filed by the Acting Commissioner of Social Security ("the Commissioner" or "Defendant").

## PROCEDURAL STATUS

When Plaintiff filed an application for disability insurance benefits ("DIB") under Title II of the Act on July 22, 2014, alleging disability beginning March 30, 2012, Plaintiff indicated that she did *not* wish to apply for SSI benefits under Title XVI of the Act. After Plaintiff's application for DIB benefits was denied at the initial level, Administrative Law Judge John P. Costello ("the ALJ") held a hearing, at Plaintiff's request, on her DIB

claim on May 27, 2015, in Rochester, New York. Following the hearing, the ALJ issued a partially favorable decision on June 25, 2015, finding that, while Plaintiff was not disabled from March 30, 2012, her alleged onset date, through August 22, 2014, she became disabled as of August 23, 2014, and entitled to DIB.

In August 2015, the Commissioner notified Plaintiff that she would receive a lump sum payment of $4,460.25 for past due DIB benefits from February 2015, through July 2015. Plaintiff also was informed that in September 2015, she would begin receiving a monthly payment of $939.00.

Plaintiff filed a request for reconsideration on August 12, 2015, and a request for review of the ALJ's hearing decision on August 16, 2015. The Appeals Council denied Plaintiff's request for review on March 14, 2016.

On August 20, 2015, Plaintiff spoke to a representative at the Social Security Administration ("the SSA") regarding her eligibility for SSI. Following that conversation, the SSA sent Plaintiff a "Notice of Important Information" ("the Notice") stating that it had made an informal decision that she was not eligible for SSI. The Notice also informed Plaintiff that, should she desire a formal determination about her eligibility for SSI, she could file an application for SSI.

Plaintiff then filed an SSI application on October 19, 2015, in which she disclosed that she received a monthly DIB payment of

$939.00. Plaintiff filed additional SSI applications on October 30, 2015, and December 16, 2015. The SSA denied these applications at the initial level because Plaintiff's income exceeded the eligibility requirements for SSI.

Plaintiff filed a request for reconsideration of her SSI claim on February 8, 2016. The SSA responded to Plaintiff's request for reconsideration by letter dated February 12, 2016, stating that the SSA was "making every effort to hold [a] hearing as soon as [it] can." Declaration of Cristina Prelle ("Prelle Decl.") ¶ 13; Exhibit ("Ex.") N.

Plaintiff then commenced this pro se action on May 12, 2016. In her Complaint, Plaintiff states that she was denied the lawful right to a hearing in connection with her application for SSI benefits.

The Commissioner has moved to dismiss the Complaint based on the lack of jurisdiction pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Commissioner notes that although Plaintiff's SSI applications were initially denied, she has not yet had a hearing on her SSI claim. Therefore, there has been no "final decision" of the Commissioner on Plaintiff's SSI claim, as required by 42 U.S.C. § 405(g), leaving this Court without jurisdiction over this action. Plaintiff has filed a one-page document that has been docketed as response to the Commissioner's motion. For the reasons discussed herein, the

Commissioner's motion is granted.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows defendants to challenge the court's subject matter jurisdiction by means of a motion to dismiss. In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir.1998) (citation omitted), but must refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir.2003) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## DISCUSSION

Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for, and limited by, sections 205(g) and (h) of the Act as follows:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings

> of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claims arising under this title.

42 U.S.C. §§ 405(g) and (h). The Act does not define the term "final decision," but grants authority to the Commissioner to explicate it by regulation. See 42 U.S.C. § 405(a) ("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions . . . ."). For an determination by the Commissioner to be a "final decision" under the Act, the applicant must seek review before the Appeals Council. See 20 C.F.R. § 404.900(a)(5) ("When [the claimant] ha[s] completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) [i.e., requesting that the Appeals Council review the decision] of this section, [the Commissioner] will have made [her] final decision."). Subject to exceptions not applicable here, "[i]f a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." Sims v. Apfel, 530 U.S. 103, 107 (2000) (citations omitted).

The procedural history of this matter at the administrative level is set forth in detail in the Declaration of Cristina Prelle

(Dkt #11-2) and the Exhibits attached thereto. The evidence, which has not been controverted by Plaintiff, shows that Plaintiff has not obtained a decision by the Appeals Council or a notice from the Appeals Council denying a request for review on her SSI claim. See Though Plaintiff has sought reconsideration of the denial of her SSI claim, and a hearing on that claim, a hearing date has not been set. The Commissioner has informed Plaintiff that she was attempting to set a hearing date as soon as practicable. Because Plaintiff has not received a "final decision" on her SSI claim, she has not exhausted her administrative remedies, and the Court lacks jurisdiction over this action. See, e.g., Fuentes v. Comm'r of Soc. Sec., No. 10-CV-146 NGG, 2011 WL 63496, at *1 (E.D.N.Y. Jan. 7, 2011).

The Supreme Court has held that courts may excuse a claimant from exhausting her administrative remedies "in certain special cases," Heckler v. Reinger, 466 U.S. 602, 618 (1984), such as where the claimant "asserted a procedural challenge to the [Commissioner]'s denial of a pretermination hearing, a claim that was wholly 'collateral' to his claim for benefits, and where he made a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." Id. The Court recognizes that Plaintiff is anxious for a hearing date to be set, and for the process to move more quickly than it has to date, but there is no suggestion

that Plaintiff has been, or will be, denied her request for a administrative hearing. In short, Plaintiff has not demonstrated that this is a "special case" in which the failure to exhaust may be excused.

### CONCLUSION

For the reasons discussed above, the Commissioner's Motion to Dismiss is granted, and the Complaint is dismissed. The Clerk of Court is directed to close this case.

**SO ORDERED.**

**S/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   October 17, 2016
         Rochester, New York.